¡Sidney A. Fine, J.
The petitioner, an insurance company, moves to stay arbitration demanded by respondent pursuant to the uninsured motorist endorsement contained in the insurance policy involved herein.
The claimant was injured as a result of a collision between a bus, in which she was a passenger, and an admittedly uninsured automobile.
The policy under which arbitration is demanded covers the bus driver’s personal automobile an'd his carrier argues that a holding to the effect that perhaps anywhere from 50 to 100 passengers in a transit bus could demand arbitration and be dovered under this policy would be a strained and unreasonable construction of the sen'se of the legislative intent in enacting subdivision 2-a of section 167 of the Insurance Law.
This is an unusual situation and highlights a possible loophole in the protection the State intended to offer and perhaps the Legislature should act to remedy the statutory flaiw. The transit bus is- a self-insurer and it has been established that the bond posted to comply with the legal requirements is not *713 an insurance policy and the “ uninsured motorist endorsement ” is not a part therein (Matter of MV AIc [Haynes], 233 N. Y. S. 2d 327). Therefore claimant cannot proceed by arbitration under the so-called insurance coverage of the bus. The Motor Vehicle Accident Indemnification Corporation has previously rejected a claim by respondent since it felt that the driver’s individual automobile liability policy covered.
This court cannot accept this theory and we agree with petitioner that extending coverage under a minimum automobile liability policy to this situation would be a result clearly not intended by the Legislature which had in mind “ automobiles ” and like vehicles, not some massive omnibus.
Application to stay arbitration is granted.